# DODGE *v.* OSBORN, COMMISSIONER OF INTERNAL REVENUE.

## APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 396.  Argued October 14, 15, 1915.—Decided February 21, 1916.

Revised Stat., § 3224, is not inapplicable to taxes imposed by the Income Tax Law of 1913, but is clearly within the contemplation of par. L, of the Law, 38 Stat. 179.

The provisions of Rev. Stat., §§ 3220, 3226, 3227, are also applicable to proceeding for recovery of taxes erroneously or illegally assessed and collected under the Income Tax Law of 1913.

A suit may not be brought to enjoin the assessment or collection of a tax because of the alleged unconstitutionality of the statute imposing it.

The facts that many suits would have to be brought by persons to recover taxes paid under an unconstitutional statute and that meanwhile, under Rev. Stat., § 3187, taxes imposed become a lien and constitute a cloud on the title of property, *held* inadequate to sustain jurisdiction of a suit in equity to restrain the collection of taxes on the ground of unconstitutionality of the statute imposing them.

There is no violation of due process of law under the Fifth Amendment in the provisions of Rev. Stat., §§ 3220, 3226 and 3227, requiring an

appeal to the Commissioner of Internal Revenue after payment of taxes and only having a right to sue after his refusal to refund.

43 App. D. C. 144, affirmed.

THE facts, which involve the jurisdiction of the District Court of suits brought to restrain the collection of taxes and the construction and application of §§ 3220, 3224, 3226 and 3227, Rev. Stat., are stated in the opinion.

*Mr. William D. Guthrie*, with whom *Mr. Fred A. Baker* was on the brief, for appellants.

*The Solicitor General* and *Mr. Assistant Attorney General Wallace* for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The appellants filed their bill in the Supreme Court of the District of Columbia against the Commissioner of Internal Revenue to enjoin the assessment and collection of the taxes imposed by the Income Tax section of the Tariff Act of October 3, 1913, c. 16, § II, 38 Stat. 166, 181, and especially the surtaxes therein provided for on the ground that the statute was void for repugnancy to the Constitution of the United States. The case is here on appeal from the judgment of the court below affirming the action of the trial court in sustaining a motion to dismiss the complaint for want of jurisdiction because the complainants had an adequate remedy at law and because of the provision of Rev. Stat., § 3224, that "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

We at once put out of view a contention that Rev. Stat., § 3224, is not applicable to taxes imposed by the Income Tax Law since we are clearly of the opinion that

it is within the contemplation of paragraph L (38 Stat. 179), of the act which provides:

"That all administrative, special, and general provisions of law, including the laws in relation to the assessment, remission, collection, and refund of internal-revenue taxes not heretofore specifically repealed and not inconsistent with the provisions of this section, are hereby extended and made applicable to all the provisions of this section and to the tax herein imposed."

And for the same reason we do not further notice a contention as to the inapplicability of Rev. Stat., §§ 3220, 3226, 3227, to which effect was given by the court below requiring an appeal to the Commissioner of Internal Revenue after payment of a tax claimed to have been erroneously or illegally assessed and collected and upon his refusal to return the sum paid giving a right to sue for its recovery.

The question for decision therefore is whether the sections of the Revised Statutes referred to are controlling as to the case in hand. The plain purpose and scope of the sections are thus stated in *Snyder* v. *Marks*, 109 U. S. 189, 193–194, a suit brought to enjoin the collection of a revenue tax on tobacco:

"The inhibition of Rev. Stat., § 3224, applies to all assessments of taxes, made under color of their offices, by internal revenue officers charged with general jurisdiction of the subject of assessing taxes against tobacco manufacturers. The remedy of a suit to recover back the tax after it is paid is provided by statute, and a suit to restrain its collection is forbidden. The remedy so given is exclusive, and no other remedy can be substituted for it. . . . *Cheatham* v. *United States*, 92 U. S. 85, 88, and again in *State Railroad Tax Cases*, 92 U. S. 575, 613, it was said by this court, that the system prescribed by the United States in regard to both customs duties and internal revenue taxes, of stringent measures,

not judicial, to collect them, with appeals to specified tribunals, and suits to recover back moneys illegally exacted was a system of corrective justice intended to be complete, and enacted under the right belonging to the Government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues. In the exercise of that right, it declares, by § 3224, that its officers shall not be enjoined from collecting a tax claimed to have been unjustly assessed, when those officers, in the course of general jurisdiction over the subject-matter in question, have made the assignment (assessment) and claim that it is valid."

And this doctrine has been repeatedly applied until it is no longer open to question that a suit may not be brought to enjoin the assessment or collection of a tax because of the alleged unconstitutionality of the statute imposing it. *Shelton* v. *Platt*, 139 U. S. 591; *Pittsburgh &c. Ry.* v. *Board of Public Works*, 172 U. S. 32; *Pacific Whaling Co.* v. *United States*, 187 U. S. 447, 451, 452.

But it is contended that this doctrine has no application to a case where wholly independent of any claim of the unconstitutionality of the tax sought to be enjoined, additional equities sufficient to sustain jurisdiction are alleged, and this, it is asserted, being such a case, falls within the exception to the general rule. But conceding for argument's sake only the legal premise upon which the contention rests, we think the conclusion that this case falls within such exception is wholly without merit, since after an examination of the complaint we are of the opinion that no ground for equitable jurisdiction is alleged. It is true the complaint contains averments that unless the taxes are enjoined many suits by other persons will be brought for the recovery of the taxes paid by them, and also that by reason of Rev. Stat., § 3187, making the tax a lien on plaintiffs' property the assessment of the taxes would constitute a cloud on plaintiffs'

title. But these allegations are wholly inadequate under the hypothesis which we have assumed solely for the sake of the argument, to sustain jurisdiction, since it is apparent on their face they allege no ground for equitable relief independent of the mere complaint that the tax is illegal and unconstitutional and should not be enforced—allegations which if recognized as a basis for equitable jurisdiction would take every case where a tax was assailed because of its unconstitutionality out of the provisions of the statute and thus render it nugatory, while it is obvious that the statute plainly forbids the enjoining of a tax unless by some extraordinary and entirely exceptional circumstance its provisions are not applicable.

There is a contention that the provisions requiring an appeal to the Commissioner of Internal Revenue after payment of the taxes and giving a right to sue in case of his refusal to refund are wanting in due process and therefore there is jurisdiction. But we think it suffices to state that contention to demonstrate its entire want of merit.

*Affirmed.*

MR. JUSTICE MCREYNOLDS took no part in the consideration and decision of this case.