### POLK et al. v. PAGE, Collector of Internal Revenue.

(District Court, D. Rhode Island. November 17, 1921.)

No. 152.

1. **Internal revenue ☞28—Time and manner of distraint for transfer tax is limited by Revenue Act alone.**

   Revenue Act Feb. 24, 1919, §§ 406, 408 (Comp. St. Ann. Supp. 1919, §§ 6336¾g, 6336¾i), providing that the tax on decedent's estate shall be due one year after death, though Commissioner may grant extension of time for payment not to exceed 3 years, and that if tax is not paid within 180 days after due, collector shall proceed to collect it under the provisions of general law or commence appropriate proceedings, limit the time and manner for collection, and the collector is not entitled, after the expiration of the 1 year, but before the 180 days expires, to distrain under the general provisions of Rev. St. § 3187 (Comp. St. § 5909), authorizing distraint on refusal of any person liable to pay any taxes within 10 days after notice.

2. **Internal revenue ☞28—Taxes due not always collectible immediately by distraint.**

   It does not follow as a matter of course that, because the tax is not paid immediately at the time which the statute fixes as date at which it is due, it is immediately collectible by process of distraint.

3. **Internal revenue ☞2—Statute not superseded by regulations.**

   Regulations, directing or authorizing manner and time of collection of revenue, cannot supersede the plain terms of the Revenue Act.

4. **Internal revenue ☞28—Statute, forbidding enjoining assessment or collection of tax, does not forbid restraining unauthorized distraint.**

   Rev. St. § 3224 (Comp. St. § 5947), prohibiting suit to restrain assessment or collection of a tax, did not prohibit restraining a collector from

---

distraint to enforce the collection of a tax before time authorized for distraint.

**5. Internal revenue 28—Enforcing collection 180 days before permissible held irreparable injury warranting injunction.**

Under Revenue Act Feb. 24, 1919, §§ 406, 408 (Comp. St. Ann. Supp. 1919, §§ 6336⅞g, 6336¾i), making transfer tax payable within a year, and warranting distraint 180 days thereafter, an enforcement, depriving the estate of such 180 days, may be regarded as an irreparable injury, authorizing enjoining the method of collection.

In Equity. Suit by Frank L. Polk and another, as executors of Josephine Brooks, deceased, against Frank A. Page, individually and as Collector of Internal Revenue, to enjoin distraint for collection of a tax before time fixed by statute, in which defendant files motions to dismiss. Motions to dismiss denied, and injunction granted.

Selden Bacon, of New York City, and William R. Tillinghast, of Providence, R. I., for plaintiffs.

Norman S. Case and Harold A. Andrews, both of Providence, R. I., for the United States.

BROWN, District Judge. The plaintiffs seek an injunction against the defendant individually and as collector of internal revenue for this district, restraining him from proceeding by distraint for the collection of an estate tax before the time fixed by section 408 of the Revenue Act of February 24, 1919, 40 Stats. 1057 (Comp. St. Ann. Supp. 1919, § 6336¾i).

The plaintiffs, as executors of the will of Josephine Brooks, late of Newport, R. I., who died August 17, 1920, allege that an estate tax of $245,787.67 was duly assessed by the Commissioner of Internal Revenue, and that the period of 1 year and 180 days from the death of said Josephine Brooks will not expire until the expiration of the 13th day of February, 1922.

The bill alleges that despite the provisions of sections 406, 408, 1307, and 1400 of the United States Revenue Act (title IV, Act of February 24, 1919, 40 Stats. 1057 [Comp. St. Ann. Supp. 1919, §§ 6336¾g, 6336¾i, 6371½g, 6371¾a]), the defendant collector threatened immediately to distrain the assets of the estate for the payment of this tax unless plaintiffs paid the same in full to the collector for the district of Rhode Island before the 8th day of October, 1921. They seek to enjoin the defendant from making any seizure, distress, or distraint under pretense of collecting said tax, or any part thereof, until the expiration of the 13th day of February, 1922, but no longer, and for general relief.

[1] The plaintiffs insist that the sole right to distrain is conferred upon the collector by section 408:

"Sec. 408. That if the tax herein imposed is not paid within 180 days after it is due, the collector shall, unless there is reasonable cause for further delay, proceed to collect the tax under the provisions of general law, or commence appropriate proceedings in any court of the United States * * * to subject the property of the decedent to be sold under the judgment or decree of the court. From the proceeds of such sale the amount of the tax,

together with the costs and expenses of every description to be allowed by the court, shall be first paid, and the balance shall be deposited according to the order of the court, to be paid under its direction to the person entitled thereto."

It is the contention of the collector that he is entitled to distrain under Rev. St. § 3187 (Comp. St. § 5909), the pertinent part of which is as follows:

"If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with five per centum additional thereto, and interest as aforesaid, by distraint and sale, in the manner hereafter provided, of the goods, chattels or effects, including stocks, securities, and evidences of debt, of the person delinquent as aforesaid: Provided," etc.

It will be observed that under this section the collector is to proceed to collect not only the tax, but 5 per centum additional; further, it provides for "interest as aforesaid" at the rate of 1 per centum a month. See Rev. St. §§ 3184, 3185 (Comp. St. §§ 5906, 5907).

The collector contends that section 408 above quoted must be read in connection with section 406:

"Sec. 406. That the tax shall be due one year after the decedent's death; but in any case where the Commissioner finds that payment of the tax within one year * * * would impose undue hardship upon the estate, he may grant an extension of time for the payment of the tax for a period not to exceed three years from the due date. If the tax is not paid within one year and 180 days after the decedent's death, interest at the rate of 6 per centum per annum from the expiration of one year after the decedent's death shall be added as part of the tax."

The inconsistency of the provisions of Rev. St. § 3187 and of sections 406 and 408 concerning interest and the amount collectible is apparent.

The collector's contention amounts to this: That by section 3187, a general provision, he is authorized to nullify the specific provisions of section 406 relating to the amount to be collected, as well as the specific provision of section 408 as to the time at which payment may be enforced under the provisions of general law or by suit.

He contends that section 408 is applicable only after 1 year and 180 days, and that the provisions of general law (section 3187) are applicable before. But clearly both are not applicable, since if section 3187 is enforced nothing remains to be done according to the provisions of sections 406 and 408.

This is clearly a case where the general and special provisions of law cannot be applied so as to give effect to both, and where the special provisions render inapplicable the general provisions of law until the time fixed by section 408 for enforcement.

The contention of the collector seems to be based upon the provision of section 406 of the Revenue Act that "The tax shall be due one year after the decedent's death." It does not follow, however, that because the tax accrued or became due at this date, it was immediately enforceable by distraint. It is common in tax legislation to fix a date at which the tax accrues, a later date up to which it may be paid with-

out interest, and a further date at which proceedings for its enforcement may be begun.

[2] Because the statute fixes a date at which a tax becomes due, and because it is payable at any time after that date, it by no means follows that it must be immediately collectible by the process of distraint. United States v. State Bank of North Carolina, 6 Pet. 29, 36, 8 L. Ed. 308, shows that the word "due" is sometimes used to express the mere statement of indebtment, and then is an equivalent of "owe" or "owing." See, also, the decision of this court in Re B. H. Gladding Co. (D. C.) 120 Fed. 709; In re West Norfolk Lumber Co. (D. C.) 112 Fed. 759, 767; Wiggin v. Knights of Pythias (C. C.) 31 Fed. 122, 125.

The collector relies also upon the provisions of section 406:

"But in any case where the Commissioner finds that payment of the tax within one year * * * would impose undue hardship upon the estate, he may grant an extension of time for the payment of the tax for a period not to exceed three years from the due date."

The provision is peculiar, in that the power of the Commissioner to extend the time of payment is based upon the finding of hardship in paying before the due date; but the grant of power to the Commissioner to extend the time of payment for a period not to exceed 3 years from the due date does not conflict with the section which imposes a statutory duty upon the collector in the absence of any extension of time by the Commissioner under section 406, as in this case. Can it be said that the provision for an extension of the time of payment by the Commissioner implies an authority of the Collector, in the absence of such extension, to proceed at once under section 3187, despite the specific provision of section 406 that interest at 6 per cent. from one year after the decedent's death is to be added if the tax is not paid within 1 year and 180 days after the decedent's death, and of the statutory direction to the collector as a ministerial officer contained in section 408:

"That if the tax herein imposed is not paid within 180 days after it is due, the collector shall, unless there is reasonable cause for further delay, proceed to collect the tax under the provisions of general law," etc.

The plaintiffs urge that the statute, by providing a 180-day period after the due date for payment without interest, and by providing for action by the collector after the expiration of that period, has given a substantial right to the executors of a decedent's estate in recognition of the difficulty of converting assets into cash for immediate payment of large sums for estate taxes. The time is given that loss, through immediate conversion of assets into cash, may be avoided.

The provision of the 180-day period is significant, in view of the fact that under section 208 of the Revenue Act of 1916 (Comp. St. § 6336½i) the period of but 60 days was provided. It would hardly be contended that this period of 60 days could be cut off by resort to section 3187.

It is also significant that under the income tax provisions of the Act of February 24, 1919, section 250(e)—being section 6336⅛tt—expressly excepts the estates of deceased persons from the provision that if any

tax remains unpaid after the date when it is due, and for 10 days after notice and demand by the collector, there shall be added as part of the tax 5 per centum, plus interest at the rate of 1 per centum per month.

A construction of title IV (sections 6336¾a–6336¾k) which imposes upon the estate payments from which the income of an estate is relieved by the provisions of the same Revenue Act is to be avoided.

In the district of Rhode Island the difficulty of immediately converting estates of decedents into cash for payment of large estate taxes, and the danger of great loss to the principal of estates, were so serious that legislative relief was sought and was granted by the Rhode Island Legislature, by empowering executors and administrators to raise funds by mortgaging or pledging the personal estate of decedents in their hands. Public Laws of Rhode Island, January Session 1921, c. 2030.

The intent of Congress to give to the estates of decedents a substantial benefit from the 180-days provision is manifest, and the judgment of Congress that a period of 180 days without interest and without distraint was proper in respect to the collection of estate taxes cannot be questioned; nor can it be assumed from the length of this period (180 days) that it was intended that this period fixed by Congress in legislative enactment should be shortened either by regulation or by act of the collector.

[3] I am of the opinion that the plaintiffs' contention that sections 406, 408, and 1307 of the Revenue Act are exclusive of the present application of the provisions of section 3187 is sound, and that the threatened distraint is without statutory authorization. If this is correct it does not matter that there are regulations which direct or pretend to authorize this, since express provisions of the Revenue Act cannot be repealed by regulation.

[4] The collector objects to jurisdiction, relying upon Rev. St. § 3224 (Comp. St. § 5947):

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

As we have said, the validity of the tax, the obligation of the plaintiffs to pay, and the right of the United States to collect in accordance with the statute, are not contested. A restraint, however, is sought upon action not authorized by statute.

There appears to be here no element of interference with the discretion of the Commissioner of Internal Revenue in making an assessment, and the case does not involve interference with any quasi judicial function; it seems to be merely a question of the statutory right of the collector, a ministerial officer.

Section 3224 was before the court in Dodge v. Osborn, 240 U. S. 118, 36 Sup. Ct. 275, 60 L. Ed. 557, and in Dodge v. Brady, 240 U. S. 122, 36 Sup. Ct. 277,,60 L. Ed. 560. In Dodge v. Osborn it was said:

" * * * It declares, by section 3224, that its officers shall not be enjoined from collecting a tax claimed to have been unjustly assessed, when those officers, in the course of general jurisdiction over the subject-matter in question, have made the assignment (assessment) and claim that it is valid."

No question of that character is before us. The collector's authority to distrain is statutory; his duty purely ministerial. The plaintiffs acknowledge the validity of the law and of the assessment, and the right of the collector, while pursuing the provisions of the statute. Does the provision of section 3224, that no court shall restrain the collection of a tax, prohibit a suit in which the plaintiff seeks to restrain a collector from proceeding prematurely and otherwise than in accordance with the statute that provides the method of collection?

. This case must be distinguished from cases in which the right to collect is denied because of the asserted invalidity of the law or of the assessment. To restrain a premature enforcement, at a date earlier than that fixed by statute, protects the rights of the taxpayer without impeding the execution of the law.

The system of "stringent measures, not judicial, to collect them, with appeals to specified tribunals, and suits to recover back moneys illegally exacted, was a system of corrective justice intended to be complete" (Dodge v. Osborn, 240 U. S. 121, 36 Sup. Ct. 276, 60 L. Ed. 557); but it seems inapplicable when the only wrong complained of is a violation of the statute by premature action of a ministerial officer whose power is defined by statute.

The term "collection of a tax" implies a statutory procedure.

Does section 3224 require that the executors of an estate must comply with a demand which destroys the right to 180 days for the conversion of the estate into cash?

Dodge v. Osborn recognizes that there may be exceptional cases to which the provisions of section 3224 are inapplicable. The circumstances of an estate tax are so unusual as to lead Congress to make a special provision; a most unusual provision of 180 days. This is congressional recognition of the unusual situation, demanding unusual delay.

It may be said that plaintiffs seek only protection against action which is not a collection of a tax in the sense of the statute (section 3224) but, on the contrary, a violation of a statute (section 408). There is no legal remedy for the loss of that time which Congress thought necessary. They cannot recover if they pay the tax, in any event more than interest, and it is doubtful if they may recover that.

We may look into the statute sufficiently to determine whether the act complained of is "the collection of a tax" or a merely illegal and unauthorized act of a person without statutory authority.

If, as stated by Bouvier (2 Bouv. [3d Rev.] 1569), "The writ of injunction may be regarded as the correlation of the writ of mandamus," etc., we should now observe the distinction between controlling the purely ministerial act of an officer directed by a statute, which leaves him no discretion, and the acts of officers having judicial or quasi judicial functions to perform in the assessment of taxes.

The question of the power of a collector to distrain before the time fixed by the statute from which his power is derived is a judicial question. Acting without statutory authority, the distraint would be merely an unlawful seizure of property.

[5] The loss of that substantial period of time—180 days—expressly granted by Congress for the conversion of assets, may be regarded as an irreparable injury, for which the statutes providing for recovery of taxes illegally assessed or collected afford no remedy. If the plaintiffs pay now, they lose all benefit of the provision of the 180-day period, and suffer any loss from compulsory shortening of that period. As the payment, if made within 180 days after the due date, is without interest, the estate will lose upwards of $5,000 by enforced payment at the earlier date, under section 3187.

As the tax is payable at the due date, it is doubtful if interest, in any event, could be recoverable; but assuming that such recovery is possible, there remains irreparable damage in the loss of the benefit that Congress extended to estates of decedents by fixing the time of distraint at 180 days after the due date.

The plaintiffs, in my opinion, make a case justifying the interposition of a court of equity, in order to prevent irreparable injury from an unlawful act. Furthermore, I am of the opinion that section 3224, R. S., does not forbid an injunction against a ministerial officer proceeding without authority and in violation of the controlling statute, since by the term "collection of a tax" is meant a proceeding in accordance with law, and not a merely unlawful and unauthorized act.

Defendant's motions to dismiss are denied.

A draft decree for an injunction against procedure otherwise than as authorized by section 408 may be presented by the plaintiffs.