**ELLAY CO. v. BOWERS, Collector of Internal Revenue.**

Circuit Court of Appeals, Second Circuit. April 9, 1928.

No. 127.

Internal revenue ⬅28(3)—Collection of tax barred by limitation will not be enjoined, remedy at law for recovery of illegal tax being adequate (26 USCA § 154; Revenue Act 1921, § 250(d); Comp. St. § 6336⅛tt(d); 26 USCA §§ 149, 156).

Under Rev. St. § 3224 (26 USCA § 154), forbidding a suit for the purpose of restraining assessment or collection of tax due United States, collection of tax claimed to be barred by limitation of Revenue Act 1921, § 250(d), Comp. St. § 6336⅛tt(d) will not be enjoined, since remedy at law for recovery of illegal tax under 26 USCA §§ 149, 156, is complete and adequate.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Ellay Company against Frank K. Bowers, Collector of Internal Revenue of

the Second District of New York, for an injunction restraining defendant from collecting or attempting to collect a tax. Judgment denying a temporary injunction and dismissing the complaint, and complainant appeals. Affirmed.

Weil, Coursen & Manges, of New York City (Frank L. Weil, of New York City, and Joseph R. Little, of Washington, D. C., of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Thomas J. Crawford, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. On June 11, 1919, the appellant filed its income tax return for the fiscal year ending February 28, 1919. On April 15, 1924, the government demanded an additional tax for the fiscal year ending February 28, 1919, in the sum of $10,193.90. Immediately appellant filed a claim in abatement against this additional tax. It was rejected, and notification sent to it on September 3, 1926. A warrant of distraint was issued February 9, 1927, for the additional taxes and interest, and a notice of lien was filed with the clerk of the District Court for the Southern District of New York against the appellant. There was also filed a notice of levy on the bank account of the appellant in New York City. As seizure of these funds was about to be made, the appellant procured a temporary restraining order based upon the present bill of complaint, asking that it be adjudged that there is no liability for the tax so assessed; the theory being that such tax was outlawed and therefore uncollectible. On motion, the complaint was dismissed.

It is claimed that collection of the tax for the year referred to is barred by the limitation of section 250(d) of the Revenue Act of 1921 (42 Stat. 265 [Comp. St. § 6336-⅛tt(d)]), which provides:

"No suit or proceeding for the collection of any such taxes due under this act or under prior income, excess profits, or war profits tax acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed."

But section 3224 of the Revised Statutes of the United States (26 USCA § 154; Comp. St. § 5947) forbids a suit for the purpose of restraining the assessment or collection of any tax due the United States. This section

was said to be a wise policy and founded upon the simple philosophy derived from the experience of ages that the payment of taxes had to be enforced by summary and stringent means against even a reluctant and often adverse sentiment. State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663. The Supreme Court has recently made clear the effectiveness of section 3224 by refusing an injunction against collecting taxes on the ground that the assessment is illegal. Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965. It pointed out that a taxpayer cannot, by delaying payment of an assessment until his right to sue to recover it back is barred by limitation, make a case so extraordinary and entirely exceptional as to render the section applicable to his suit to enjoin collection by distraint. In that case, the court said:

"Nothing could be better settled by the decisions of this court than that neither the accuracy nor the validity of an assessment of a tax can be determined in a suit for injunction to restrain its collection"—citing Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Pacific Steam Whaling Co. v. U. S., 187 U. S. 447, 23 S. Ct. 154, 47 L. Ed. 253.

Section 250(d) of the Revenue Act of 1921 applies not only to suits in court but to proceedings to collect such taxes by distraint. Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676. The cited case has no bearing, however, upon the question of the power of the court to enjoin collection of the taxes, collection of which is claimed by the department and of officials to be sanctioned by the provisions of the Revenue Act of 1924. Section 1106(a) of the Revenue Act of 1926 (26 USCA § 1249[a]) provides that:

"The bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax. The bar of the statute of limitations against the taxpayer in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no collection in respect of such tax shall be made unless the taxpayer has underpaid the tax."

Based upon this section, the appellant argues upon the assumption that the collection of the 1919 assessment has become barred and is nonexistent and is therefore not a tax. It relies upon that portion of the statute only which says:

"The bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability."

What the appellant seeks to enjoin is the collection of the tax assessment outstanding against it and which is claimed by the taxing authorities to be a valid lien. But the provision of the statute referred to was not intended to destroy the government's rights summarily to collect assessments claimed to be valid. Even if the tax may prove to be illegal, it does not alter the fact that the amount collected is a tax and is collectable as such. There has been no repeal of section 3224 of the Revised Statutes, and it is in no way affected by section 1106(a) of the 1926 act. That provision apparently was intended to prevent destroying the limitations provisions of the Revenue Act and to make certain that a tax collected after the bar of the statute had set in can be recovered back without requiring a taxpayer on the merits to prove that he had overpaid his tax. The argument that the tax is not a tax because of this statute of limitations was disposed of in Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557. There injunctions were sought to prevent collection of taxes on the ground of unconstitutionality of the taxing statutes imposing them. The Supreme Court held that no injunction could prevail in view of section 3224 of the Revised Statutes and that the constitutionality of the taxing statute could not be determined in a suit to restrain its enforcement. In Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901, it was held that there was no force to the suggestion that section 3224, in speaking of a tax, means only a legal tax and that an illegal tax is not a tax, and so does not fall within the inhibition of the statute. It was held that the inhibition of section 3224 applied to all assessments of taxes made under the color of office by internal revenue officers charged with general jurisdiction of the subject of assessing taxes.

The appellant may pay the tax and sue for its recovery, and, if the tax is illegal, obtain a judgment for its payment. Section 3220, as amended by section 1111 of the Revenue Act of 1926 (26 USCA § 149). A collection, after the statute of limitations against the collection has run, constitutes an illegal payment within the purview of sec-

tion 3226 of the Revised Statutes (26 USCA § 156; Comp. St. § 5949), and a taxpayer may recover upon the ground that the tax was barred by the statute. Seaman v. Bowers, etc. (C. C. A.) 297 F. 371. Nor does section 1106(a) of the Act of 1926 render uncertain the right of the taxpayer to recover the tax after payment where the bar of the statute has set in. The phrase of the statute, "but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax," must be read in the light of the other provisions of the same section. That clause in no wise affects the right of the taxpayer to recover in appropriate suit after payment. The purpose of section 1106(a) was effectively achieved by the provisions that the bar of the statute of limitations of the United States, in respect of any internal revenue law, shall not only operate to bar the remedy, but shall extinguish the liability. While section 1106 (a) secures repayment of outlawed taxes which have been collected, it also permits the government to retain so much of the tax paid before the expiration of the limitations provision against collection as represents the correct amount of the tax actually due and computed without regard to the limitations provisions. It in no wise affects the appellant's remedy at law to sue for recovery of taxes after payment. Thus it is clear that the appellant's remedy at law is complete and adequate, and section 3224 makes it exclusive.

Judgment affirmed.