## UNITED STATES v. AMERICAN EXCHANGE IRVING TRUST CO. et al.

District Court, S. D. New York.

Sept. 10, 1930.

Leon E. Spencer, Asst. U. S. Atty., of New York City.

George C. Holton, of New York City (Russell L. Bradford, Liston C. Bertram, and Taylor, Blanc, Capron & Marsh, all of New York City, of counsel), for defendants.

COXE, District Judge.

This is a motion by the plaintiff for judgment on the pleadings. The action is brought by the government to recover from the three defendants named the sum of $3,664, being the amount of a tax deficiency assessed against John F. Murray Advertising Agency, Inc. (hereafter referred to as Murray Company), for 1917, with penalties and interest. The suit was commenced December 3, 1928, under section 1114, subdivisions (e) and (f) of the Revenue Act 1926 (26 USCA §§ 1268a, 1269), reading as follows:

"Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless * * * at the time of such demand, subject to an attachment or execution under any judicial process. Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy."

"The term 'person' as used in this section includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

On April 1, 1918, the Murray Company filed an income tax return for 1917, and paid the tax shown to be due thereon of $4,387.02. On June 16, 1922, an amended consolidated return for the same year was filed, and an additional tax of $2,834.12 paid. Subsequently, and in February, 1924, the Commissioner made a further assessment against the company of $23,187.82, which later was abated to $3,664. This latter amount has never been paid, and is still outstanding. On June 26, 1928, and on subsequent dates, to and including August 20, 1928, various distraint warrants, notices of levy, and demands were served on the defendant trust company, and the defendants Martin and Armstrong, officers thereof, requiring them to pay to the collector of internal revenue at New York the amount of the tax due from the Murray Company, with penalties and interest. It is admitted in the joint answer of the defendants that, at the times when the distraint warrants, notices of levy and demands were served, the defendant trust company was indebted to the Murray Company in an amount greater than the sum demanded by the collector, and that such amount was not subject to any lien, attachment, or execution levied thereon under any judicial process.

It is the contention of the defendants that the tax was barred by limitation when the distraint warrants, notices of levy, and demands were served, and that the Statute of Limitation is available as a defense in the pending suit. Unquestionably, tax payments may be recovered back from the government when illegally collected after the Statute of Limitation has run. Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676; Russell v. U. S., 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255. This does not mean, though, that taxpayers may resist the collection by distraint of income taxes, Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965, even though the tax itself is barred by limitation, Ellay v. Bowers (C. C. A.) 25 F.(2d) 637, certiorari denied 277 U. S. 606, 48 S. Ct. 601, 72 L. Ed. 1012. As stated by Judge Manton in the Ellay Case, at page 638 of 25 F. (2d):

"The appellant [i. e., taxpayer] may pay the tax and sue for its recovery, and, if the

tax is illegal, obtain a judgment for its payment."

If, then, the Murray Company could not have prevented the collection by distraint of the tax in question, even though barred by limitation, a fortiori the defendant trust company is in no position to resist the distraint warrant, or to refuse to comply with the collector's demand. Section 1114 of the 1926 Act, subdivision (e), provides that:

"Any person in possession of property * * * shall, upon demand * * * surrender such property * * * unless * * * at the time of such demand, subject to an attachment or execution under any judicial process."

The only excuse recognized by the statute for failure to comply with the demand is limited to "an attachment or execution under any judicial process," and I can see no reason for broadening the section to include other defenses not permitted by the statute itself. Clearly, it was not intended that the merits of a tax claim should be litigated whenever a demand was served on a third party under the section. I think this is manifest not only from the language of the section itself, but also from the report of the Senate Finance Committee, No. 52, explanatory of the proposed legislation. This report reads as follows, at page 58:

"The existing law permits distraint upon personal property of a delinquent taxpayer even though in possession of another person. The committee amendment specifically makes it the duty of the possessor to surrender the property upon which a levy is made, and imposes upon him, in addition to any criminal liability, a civil liability, if he fails to do so, equal to the value of the property but not exceeding the amount of tax, a liability similar to that of an executor who pays debts before he pays a debt due the United States."

I do not think, therefore, that the defendants were in a position to set up the Statute of Limitations as a defense to the suit.

But it is contended by the defendants that the liability for the tax was wholly extinguished by section 1106(a) of the 1926 Act (26 USCA § 1249 note), enacted February 26, 1926, providing that:

"The bar of the statute of limitations * * * in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability."

This section of the 1926 act was, however, repealed as of the date of its enactment by section 612 of the 1928 Act, which provided as follows:

"Section 1106(a) of the Revenue Act of 1926 is repealed as of February 26, 1926." 45 Stat. 875.

Even if section 1106(a) did anything more than to declare the existing law (which I very much doubt), I am clear that Congress had ample power to remove or alter the statutory bar thereby created. For an explanation of section 1106(a) reference is made to the statement of Senator Reed in the Congressional Record, vol. 67, Part 4, page 3531, and the Report of the House Conferees, reporting the amendment in its final form, in House of Representatives Report, No. 356, 69th Congress, 1st Session, page 55. The taxpayer can have no just complaint against such legislation; for, as stated by Judge Mack in Regla Coal Co. v. Bowers (D. C.) 37 F.(2d) 373, 377:

"It is well settled that there is no vested right to rely upon a statute of limitation to defeat a debt or other personal obligation; the Legislature which imposed the bar may remove it."

I am satisfied, therefore, that section 1106(a) of the 1926 act has in no way affected the position of the defendants with respect to the pending action.

Reliance is also placed on U. S. v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984, decided by the Supreme Court May 19, 1930. This case differs from the present case in that (1) the action there was against transferees of a corporation's assets, after dissolution, to collect taxes assessed under section 280 of the 1926 act (26 USCA § 1069), whereas in the present action the suit is to compel third parties to surrender property of a taxpayer under section 1114(e) of the 1926 act; and (2) the Updike Case was held to be an action to recover taxes qua taxes, whereas the present suit is against third parties who do not stand in the shoes of the taxpayer, and are therefore not permitted to set up defenses ordinarily available to taxpayers in actions brought against them to recover taxes.

The motion of the plaintiff for judgment is therefore granted.