**MIDWEST HAULERS, Inc., et al. v. BRADY, Acting Collector of Internal Revenue.**

No. 9033.

Circuit Court of Appeals, Sixth Circuit.

June 2, 1942.

**497**

against it under Titles VIII and IX of the Social Security Act, 42 U.S.C.A. § 1001 et seq. and § 1101 et seq., § 1400 et seq. and § 1600 et seq., Title 26 U.S.C.A., Internal Revenue Code as amended, asserting the illegality of the additional taxes and that the collection of them would cause it irreparable injury and would destroy its business and that it was without an adequate remedy at law. From a decree dismissing its complaint, it has appealed.

The complaint was filed November 28, 1940, and on December 4, 1940, appellant, Otto L. Hankison, was, by an order of the Common Pleas Court of Lucas County, Ohio, appointed receiver for the property and assets of appellant, the Midwest Haulers, Inc., and was authorized by the order of the court to continue the business of the corporation and was further authorized to prosecute all suits as might, in the receiver's judgment be necessary for the protection of the trust vested in him. On the date of his appointment, the receiver was made a party plaintiff to this action in the lower court.

Appellant, the Midwest Haulers, Inc., was organized as a corporation under the laws of Ohio and at the time of the institution of this action and prior thereto, was engaged in the business of transporting under lawful permits and in interstate commerce, merchandise and other commodities by motor trucks.

The Universal Car Loading and Distributing Company, a corporation not a party to these proceedings, was and now is engaged in the business of maintaining freight terminals in several states of the Union, and in connection therewith, it consolidates freight from various shippers and causes it to be transported between its terminals. For the purpose of transportation, the Universal employs the service of trucking companies. The appellant had a contract with the Universal to transport freight between its terminals by the use of sealed semitrailers and performed this contract by employing owners of trucks and trailers who operated their trucks under appellant's common carrier certificate and permits. Appellant paid for the use of such trucks and trailers tariffs, the rates of which were stated in written schedules made a part of the contract between appellant and the owners of the equipment. Appellant employed none of the drivers or helpers of any of the trucks in question and the trucks were to be kept in repair

Wilbur E. Benoy, of Columbus, Ohio (Russell G. Saxby, of Columbus, Ohio, and William E. Orthwein, of Toledo, Ohio, on the brief), for appellants.

Harry Marselli, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch and Frederic G. Rita, Sp. Assts. to Atty. Gen., Francis B. Kavanagh, of Cleveland, Ohio, and John Paul Manton, of Toledo, Ohio, on the brief), for appellee.

Before HICKS, HAMILTON, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant brought this action to enjoin the collection of additional taxes assessed

498

by their owners. The routes they were to travel and the time of their departure from terminals were under the control of appellant.

Appellant duly and timely filed with the appellee Collector of Internal Revenue, or his predecessor in office, returns showing excise taxes due and paid. These returns included all taxes of appellant "with respect to having individuals in its employ" excluding the owners of the trucks and their employees.

Appellee, or his predecessor in office, pursuant to the power conferred on him under § 3612 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3612, revised each of the returns of appellant and included therein all sums paid by appellant to its alleged contract carriers and their employees and assessed the additional taxes in question measured by such payments and made demand on appellant which was refused. The additional taxes demanded are $103,897.24, exclusive of interest or penalties and in this action appellant seeks to enjoin the collection of these taxes, interest and penalties.

Appellee moved to dismiss appellant's petition and was sustained by the trial court in view of Section 3653 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3653, which provides that " * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Appellant concedes that the statute applies to all assessments and collections of Internal Revenue taxes made or attempted to be made under color of office by Internal Revenue officers charged with general jurisdiction over the assessment and collection of such taxes, but it argues that notwithstanding the statute, courts have the power to restrain the assessment or collection of taxes where the remedy of the taxpayer at law to recover a tax illegally assessed or collected, is inadequate, or where there exists extraordinary and exceptional circumstances which bring the case within some settled field of equitable jurisdiction or where the exaction sought to be restrained is not within the definition of a tax. The question thus simmers down to whether appellant has stated a case not covered by the Statute.

■ Appellant alleges in its petition, which for the purposes of this case, must be taken as true, that it has no funds with which to pay the greater portion of the taxes in question and that to permit their collection at this time by a sale of its assets would completely destroy its business.

Appellant also alleges that its tariff rates must be submitted and approved by the Public Utilities Commission and that it in good faith believes that none of the payments to its alleged contract carriers are a lawful measure for the taxes which appellee now seeks to collect and that, acting on this belief, it did not include any sums in its rate schedules for the payment of such taxes, and that it is now without the right of recoupment from any of its contract carriers, and that the time within which it may shift any part of the tax or collect any of it from its contract carriers has expired.

Appellant further alleges that it has common carrier certificate and permits for the use of the public highways granted by or pursuant to the laws of the States in which it transports freight and certificates of convenience and necessity granted to it pursuant to the provisions of the Motor Carrier Act 1935, § 201 et seq., 206(a), 49 U.S.C.A. §§ 301 et seq., 306(a).

Appellant also alleges that the collection of the taxes in question by distraint or other means would result in a cessation of its business and that its certificates and permits would be immediately forfeited and become valueless and that such certificates and permits are nontransferable except by the consent of the State Boards in the States where it does business and of the Interstate Commerce Commission. United States v. Resler, 313 U.S. 57, 60, 61 S.Ct. 820, 85 L.Ed. 1185. It further alleges that a sale of its assets would terminate all contracts it now has with its independent contractors and the Universal Car Loading and Distributing Company and that these intangible assets would have no market value at a forced sale of its business.

Appellant further alleges that under Section 802(a) et seq. and Section 1401 of Title VIII of the Social Security Act, a part of the tax is levied as an income tax on employees, which the employer is required to deduct from their wages as and when paid, and that acting in good faith under the belief that none of its independent contractors were its employees, it deducted no sum as taxes from the amount paid any one of them as such, and that now to require it to pay any sum in taxes owed by its alleged employees would result in the imposition of a penalty. It further alleges that many of its so-called

independent contractors were compelled by the Commissioner of Internal Revenue to file returns and report the sums paid to their employees and that the Commissioner measured taxes by such payments and required appellant's alleged independent con-ꙥactors to pay taxes and now seeks to collect the same taxes from appellant.

Appellant further alleges that its contracts with the Universal and its alleged independent contractors, were in existence long before the enactment of the Social Security Act and that various courts had decided that such contracts created the relationship of independent contractors. It further alleges that under the regulations of the Secretary of the Treasury promulgated by the Commissioner of Internal Revenue in relation to the Social Security Act (Reg. 106, § 402.204) it was provided:

"* * * In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services as an independent contractor is not as to such services an employee."

It further alleges that it relied on the foregoing regulations as exempting it from any obligation to pay taxes on account of any sum paid its independent contractors, and that appellee delayed making any demand on it for the payment of the present taxes until interest and penalties had accumulated against it to such an extent it was unable to pay any part of them and, by reason of such delay, deprived appellant of the benefit of any credit it might have obtained by payments into the unemployment compensation fund of Ohio, which credits it was authorized to take if payments were timely made under Section 1601 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1601.

Section 3653 of the Internal Revenue Code is not an absolute bar to every action to restrain the collection of an illegal tax. Hill v. Wallace, 259 U.S. 44, 62, 42 S.Ct. 453, 66 L.Ed. 822; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 76 L.Ed. 422; Dodge v. Osborn, 240 U.S. 118, 122, 36 S.Ct. 275, 60 L.Ed. 557. The genesis of this statute is found in Section 10 of the Act of March 2, 1867, ch. 169, 14 Stat. 475. Originally, it was an amendment of the Internal Revenue Act of July 13, 1866, ch. 184, 14 Stat. 152. The Act of which it was made a part expressly provided for a remedy at law by suit to recover taxes erroneously or illegally assessed or collected. In its present language it appeared in the Revised Statutes independently of the Revenue Act as R.S. 3224. Its original and present setting require that it be construed in pari materia with other parts of the Internal Revenue Act which give to a taxpayer the unqualified right of recovery of all that has been illegally exacted from him under the guise of a tax. Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901. When it is made to appear that the rights and property of an alleged taxpayer will be utterly destroyed if he is compelled to pay a tax that is not in fact his obligation and the pursuit of his remedy by suit for the recovery will not adequately restore to him that which he has lost, a court of equity may take jurisdiction to grant relief in advance of payment notwithstanding the prohibition in Section 3653. The complaint in the case at bar, the allegations of which are admitted by the motion to dismiss, alleges facts which if true, show that the taxes sought to be collected by the appellee from appellant probably are not in fact due and the allegations further show that appellant's principal assets are intangibles composed of contracts with the owners of carrier's equipment and Universal and certificates of convenience and necessity for the use of the public highways of the states in which appellant is authorized to conduct its business. The allegations further show that these assets could not be sold at forced sale at any price and that a sale of the other assets of appellant will incidentally destroy its intangibles. It thus appears that the collection of the taxes alleged to be due by distraint and sale would destroy property of appellant, the value of which it could in no way recover through the processes provided under the Internal Revenue Law.

In our opinion the case at bar comes within the exceptions to Section 3653 of the Internal Revenue Code stated by the Supreme Court in Hill v. Wallace, supra; Dodge v. Brady, supra; Allen v. Regents, 304 U.S. 439, 449, 58 S.Ct. 980, 82 L.Ed. 1448; Raymond v. Chicago Union Traction Co., 207 U.S. 20, 39, 28 S.Ct. 7, 52 L.Ed. 78, 12 Ann.Cas. 757.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.