## DYER v. GALLAGHER.
### No. 11688.

United States Court of Appeals Sixth Circuit.

April 15, 1953.

John Driskill, Norwood, Cincinnati, Ohio (John Driskill, Norwood, Cincinnati, Ohio, on the brief), for appellant.

Frederic G. Rita, Washington, D. C. (Charles S. Lyon, Ellis N. Slack and Frederic G. Rita, Washington, D. C., Ray J. O'Donnell and Frank J. Richter, Cincinnati, Ohio, on the brief), for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

Appellant filed this action against the Collector of Internal Revenue to restrain the collection of deficiencies in income taxes assessed against her and her husband for the years 1948, 1949 and 1950. The District Judge sustained appellee's motion to dismiss, based on Section 3653 of the Internal Revenue Code, 26 U.S.C.A. § 3653, from which order this appeal was taken.

Section 3653 Internal Revenue Code provides that with certain exceptions, not applicable here, "no suit for the purpose of restraining the asssessment or collection of any tax shall be maintained in any court." It is settled, however, that under certain extraordinary and exceptional circumstances such a suit may be maintained. Hill v. Wallace, 259 U.S. 44, 62, 42 S.Ct. 453, 66 L.Ed. 822; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 76 L.Ed. 422. This exception to the rule has been recognized and applied by this Court. Midwest Haulers v. Brady, 6 Cir., 128 F.2d 496; John M. Hirst & Co., v. Gentsch, 6 Cir., 133 F.2d 247. Appellant attempts to bring herself within the exception.

The complaint alleges that a jeopardy assessment of income tax deficiencies for the years in question had been made against her and her husband in the amount of $84,065.55 which had been listed to the Collector for collection; that she is unable to furnish the required bond to stay collection; that the Collector will seize and sell her property without notice or demand; that the collection will cause her irreparable injury; that she has no remedy at law; that the jeopardy assessment "is a void and arbitrary action, made without warrant or authority of law, in violation of plaintiff's constitutional rights and privileges to due process of law, and was a mistake and error of law, and is not supported or sustainable by any substantial, credible, competent, relevant or material evidence;" and that the appellee is exceeding his authority in proceeding to collect the assessment by seizure and sale.

In support of the complaint, appellant contends that Section 273 Internal Revenue Code, 26 U.S.C.A. § 273, which authorizes the making of jeopardy assessments and provides for a stay of collection

upon the filing by the taxpayer with the Collector of a satisfactory bond, is unconstitutional, pointing out that the Government is protected by the lien which it holds against appellant's property, and that a sale and collection of the tax is being enforced before a final decision on the validity of the assessment is rendered by the Tax Court of the United States. In our opinion, the Act is constitutional. Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Continental Products Co. v. Collector, 1 Cir., 66 F.2d 434, 436; Harvey v. Early, 4 Cir., 160 F.2d 836, 838.

 In any event, the alleged unconstitutionality of the taxing statute is not sufficient grounds to justify injunctive relief. Dodge v. Osborn, 240 U.S. 118, 36 S. Ct. 275, 60 L.Ed. 557; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816. It is also well settled that injunctive relief will not be granted on the ground, without more, that the tax has been erroneously or illegally assessed. Snyder v. Marks, 3 S.Ct. 157, 27 L.Ed. 901, 109 U.S. 189; Graham v. Du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237, 240.

In our opinion, the extraordinary and exceptional circumstances justifying injunctive relief are not shown to exist by the complaint in this action. See Reams v. Vrooman-Fehn Printing Co., supra; Ohio State Nurses' Ass'n v. Busey, 6 Cir., 120 F.2d 11, the first of which cases points out the exceptional circumstances which authorized injunctive relief in Midwest Haulers v. Brady, supra, and John M. Hirst & Co. v. Gentsch, supra, which are not present in a case like the present one. In addition, it was pointed out in both of those cases that the complaint showed that the tax which the Collector was seeking to enforce was probably not validly assessed and was not legally due. The complaint in the present case alleges no facts which sustain the contention that the jeopardy assessment was arbitrary, without authority, unsupported by competent evidence, and a mistake and error of law. It states that the assessment is illegal, without disclosing in any way the facts on which the assessment was based or in what way and why the ruling of the Commissioner was erroneous. Such allegations in the petition are mere conclusions and are not sufficient to state a cause of action on that ground. Straus v. Foxworth, 231 U.S. 162, 168, 34 S. Ct. 42, 58 L.Ed. 168; Pacific States Box & Basket Co. v. White, 296 U.S. 176, 184–185, 56 S.Ct. 159, 80 L.Ed. 138; Sheridan-Wyoming Coal Co. v. Krug, 83 U.S.App. D.C. 162, 168 F.2d 557, 558–559; Marranzano v. Riggs National Bank, 87 U.S.App. D.C. 195, 184 F.2d 349, 351; Billings Utility Co. v. Advisory Committee Board of Governors, 8 Cir., 135 F.2d 108; Cohen v. Beneficial Industrial Loan Corp., D.C.N.J., 69 F.Supp. 297, 301–302.

The judgment is affirmed.