In the Matter of SIDNEY FRANZBLAU et al., Petitioners, *v.* DEPARTMENT OF FINANCE OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Queens County, December 15, 1966.

*Katz, Block & Pack* for petitioners. *J. Lee Rankin, Corporation Counsel (Stanley Buchsbaum* and *Gale Zareko* of counsel), for respondent.

JAMES J. CRISONA, J. In an action by petitioners to vacate a determination by the Department of Finance with reference to sales and compensating use taxes owed by petitioners, respondent moves to dismiss the petition.

The basis of the motion to dismiss is that petitioners have failed to comply with section N46–7.0 of the Administrative Code of the City of New York, which provides, *inter alia,* that: " A proceeding under article seventy-eight of the civil practice act shall not be instituted unless (a) the amount of any tax sought to be reviewed, with penalties and interest thereon, if any, shall be first deposited with the director of finance and there shall be filed with the director of finance an undertaking in such amount and with such sureties as a justice of the

supreme court shall approve, to the effect that if such proceeding be dismissed or the tax confirmed, the petitioner will pay all costs and charges which may accrue in the prosecution of the proceeding, or (b) at the option of the applicant such undertaking filed with the director of finance may be in a sum sufficient to cover the taxes, penalties and interest thereon stated in such determination plus the costs and charges which may accrue against it in the prosecution of the proceeding, in which event the applicant shall not be required to deposit such taxes, penalties and interest as a condition precedent to the application." Petitioners acknowledge that they have not complied with the conditions precedent for judicial review set forth in the above-cited section. In opposition, they contend that (1) this section is unconstitutional, and (2) they petition the court to waive the requirements because they are financially unable to comply with them.

The contention that the section is unconstitutional is without merit. The principle that a taxpayer seeking judicial review of a determination by the taxing authorities must " pay first and litigate later " has long been upheld by the Supreme Court of the United States. (*Flora* v. *United States,* 357 U. S. 63, 362 U. S. 145; *Dodge* v. *Osborn,* 240 U. S. 118.)

This court is sympathetic with petitioners' alleged inability to pay the tax and post the necessary bonds. However, in *Flora* (*supra*) the Supreme Court recognized that there would be hardship cases but stated that any amelioration is a matter for the Legislature and not for the courts. The conditions precedent are mandatory and must be satisfied. The court cannot waive them. Accordingly, the petition is dismissed.