**Fred L. COLLINS, Plaintiff-Appellant,**

v.

**James E. DALY, District Director of Internal Revenue, Defendant-Appellee.**

**No. 18230.**

United States Court of Appeals,
Seventh Circuit.

Jan. 19, 1971.

---

John H. O'Hara, Indianapolis, Ind., Attorney for appellant; O'Hara & Kohlmeyer, Indianapolis, Ind., of counsel.

Johnnie M. Walters, Asst. Atty. Gen., Tax Division, John M. Brant, Atty., U. S. Department of Justice, Washington, D. C., Stanley B. Miller, U. S. Atty., Indianapolis, Ind., Lee A. Jackson, Joseph M. Howard, Attys., Department of Justice, Washington, D. C., for appellee.

Before CASTLE, Senior Circuit Judge, and CUMMINGS and STEVENS, Circuit Judges.

CASTLE, Senior Circuit Judge.

Fred L. Collins, plaintiff-appellant, appeals from the judgment order of the District Court dismissing his action for injunctive relief against the defendant-appellee, James E. Daly, District Director of Internal Revenue for the District of Indiana. Plaintiff's complaint seeks to permanently enjoin the District Director from assessing and collecting wagering excise taxes and the special occupational tax proposed to be assessed against plaintiff by the District Director as allegedly due under 26 U.S.C.A. §§ 4401 and 4411, respectively.[1] The government filed a motion to dismiss the action as barred by 26 U.S.C.A. § 7421(a).[2] The District Court granted the motion and dismissed the action.

The plaintiff's complaint alleges, in substance, that the taxes proposed to be assessed and collected are illegal because their assessment and collection would constitute an invasion of plaintiff's privileges under the Fifth Amendment since the activities sought to be taxed are violations of Indiana statutes; and because the determination upon which the assessment is proposed is arbitrary and without basis in evidence. It is further alleged that plaintiff will suffer irreparable injury unless the assessment is enjoined because the relevant statutes provide no means for judicial redetermination of the correctness of the amount assessed except in a refund suit in which the plaintiff would have the burden of proof and could not maintain his action without waiver of his privilege under the Fifth Amendment against self-incrimination, and that absent such a redetermination his property will be subject to levy, distraint and sale for the amount of the assessment irrespective of whether it is the correct amount due.

Attached to the complaint as exhibits are the notice of the proposed excise tax assessment, containing the revenue agent's explanation that the plaintiff refused to permit the agent to examine his records, and showing that the proposed assessment was determined by averaging the total monthly gross receipts reported by the plaintiff for the past five years; and a schedule showing the

---

1. The proposed assessment of wagering taxes was in the amount of $13,582.22 and covered the period March 1, 1968 to December 31, 1968. The proposed assessment of the $50.00 special tax was for the period July 1, 1968 to June 30, 1969.

2. Insofar as here pertinent § 7421(a) provides: " * * *, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, * * * ".

total wagers reported on Forms 730 by the plaintiff for each month from April 1, 1963, to and including February, 1968, and the monthly averages of wagers and tax so reported. Similar exhibits show a proposed assessment of the annual $50.00 special occupational tax,with the explanation that "investigation into the matter of special tax liability has disclosed the operation of a lottery for profit by Mr. Collins" and that he had refused to file the required form.

The complaint does not allege, nor does the plaintiff contend, that he was not engaged in the wagering business during the relevant periods.

The gist of plaintiff's contentions on appeal is that neither the assessment nor the collection of the ten percent wagering excise tax[3] should be permitted because the plaintiff's statutory remedy is limited to a suit for refund, in which in order to maintain his case he would be obliged to produce evidence that he owed less tax because he did less business than the government estimates, with the collateral consequence of incriminating himself under Indiana's anti-gambling statutes. He also contends that the assessment proposed by the government is arbitrary because it is without basis in evidence, and that unless the assessment and collection is enjoined he will suffer irreparable injury.

The main issue presented on appeal, as we perceive it, is whether the plaintiff has asserted the existence of facts which entitle him to equitable relief or as would permit an exception to the strict prohibition of 26 U.S.C.A. § 7421(a).

The Supreme Court has placed a gloss on the absolute command of § 7421(a) so as to allow for the extreme case where it is so obvious that the tax cannot be ultimately sustained that any effort to collect it calls into question the government's good faith. See, e. g., Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. The Court's latest decision on the subject is Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L. Ed.2d 292, where the Court pointed out that there are two requirements, each of which must be fulfilled, for avoidance of the statute: (1) irreparable injury and inadequacy of the legal remedy and (2) a finding that, under the most liberal view of the law and the facts, the United States cannot establish its claim. The Court observed (370 U.S. 1, at p. 6, 82 S.Ct. 1125, at p. 1129) that "such a suit [one to restrain the assessment or collection of a tax] may not be entertained merely because collection would cause an irreparable injury" but "[t]his is not to say, of course, that inadequacy of the legal remedy need not be established if § 7421(a) is inapplicable". With respect to the element of inapplicability of § 7421(a), the Court went on to say (370 U.S. 1, 7–8, 82 S.Ct. 1125, 1129):

> "We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund. And to permit even the maintenance of a suit in which an

3. Obviously there is no substance to plaintiff's request for relief with respect to the special occupational tax of $50.00 per year, since he fails to allege that he was not engaged in a taxable wagering business during the relevant period. Indeed, his principal argument depends on the proposition that he was so engaged, since if he were not, he could in a refund suit so testify and thus put in his case for defeating the tax without incriminating himself.

injunction could issue only after the taxpayer's nonliability had been conclusively established might 'in every practical sense operate to suspend collection of the * * * taxes until the litigation is ended.' Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 299 [63 S.Ct. 1070, 87 L.Ed. 1407]. Thus, in general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid. Snyder v. Marks, 109 U.S. 189, 194 [3 S.Ct. 157, 27 L.Ed. 901]."

■ Plaintiff's averments that the taxes here involved are illegal and unconstitutional do not serve to avoid application of § 7421(a). In Dodge v. Osborn, 240 U.S. 118, 121–122, 36 S.Ct. 275, 60 L.Ed. 557, it was held that it is no longer open to question that a suit may not be brought to enjoin the assessment or collection of a tax because of the alleged unconstitutionality of the statute imposing it, and that such allegations:

" * * * if recognized as a basis for equitable jurisdiction, would take every case where a tax was assailed because of its unconstitutionality out of the provisions of the statute, and thus render it nugatory, while it is obvious that the statute plainly forbids the enjoining of a tax unless by some extraordinary and entirely exceptional circumstances its provisions are not applicable."

Moreover, Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, lend no support to plaintiff's contention that the statutes imposing the taxes are unconstitutional. Those cases held only that a person cannot, on proper invocation of his Fifth Amendment privilege against self-incrimination, be criminally convicted for failure to pay the taxes. *Grosso,* which involved the same excise tax here involved, points out (390 U.S. 62, 69–70, fn. 7, 88 S.Ct. 709, 714):

"It might therefore be argued that since petitioner is entitled to claim the constitutional privilege in defense of a prosecution for willful failure to pay the excise tax, he is thereby freed from liability for the occupational tax. We cannot accept such an argument. We do not hold today either that the excise tax is as such constitutionally impermissible, or that a proper claim of privilege extinguishes liability for taxation; we hold only that such a claim of privilege precludes a criminal conviction premised on failure to pay the tax."

Nor do we regard United States v. United States Coin and Currency, 7 Cir., 393 F.2d 499, certiorari granted, 393 U.S. 949, 89 S.Ct. 375, 21 L.Ed.2d 361, pertinent here. No forfeiture of money or property as punishment is here involved.

■ To permit plaintiff to avoid § 7421(a) on the allegations he makes would in our view be contrary to the teachings of both Enochs v. Williams Packing & Nav. Co., *supra,* and *Grosso.* It is apparent from Dodge v. Osborn, *supra,* that plaintiff's allegation of unconstitutionality does not serve to avoid the application of § 7421(a), and nothing is tendered which indicates, much less demonstrates, that the United States cannot establish its claim. In this latter connection the exhibits attached to plaintiff's complaint show the government's basis for the proposed assessment. These statements and schedules show that the proposed assessment, covering the last ten months of 1968, consists of monthly amounts representing the average, for each month, of wagering taxes reported by plaintiff during the preceding period of about five years. Under the circumstances here present, that method of assessment was not arbitrary and without basis in evidence. Similar methods of assessment have been recognized as sufficient, reasonable, and permissible. Cf. Mendelson v. Commissioner, 7 Cir., 305 F.2d 519. Plaintiff's reliance on Pizzarello v. United States, 2 Cir., 408 F.2d 579, is misplaced. There the proposed assessment depended upon illegally seized evidence covering only three days of business op-

**740**

erations, without which it could not possibly be supported. *Pizzarello* is distinguished in Hamilton v. United States, 309 F.Supp. 468 (S.D.N.Y.1969), aff'd per curiam, Hamilton v. United States, 2 Cir., 429 F.2d 427.

We conclude that the plaintiff's complaint tenders no factual allegations which would support a conclusion that the United States cannot establish its claim to the taxes here involved, and therefore it fails to meet one of the two prerequisites laid down in Enochs v. Williams Packing & Nav. Co., *supra*, for avoidance of the prohibition of § 7421(a). Consequently, we find it unnecessary to consider the argument advanced by plaintiff with respect to inadequacy of his remedy at law and resulting irreparable injury.

The judgment order of the District Court dismissing the plaintiff's action is affirmed.

Affirmed.