**JEFFERSON LOAN COMPANY, Inc., a corporation, Appellant**

v.

**Charles Rogers ARUNDELL et al., as Judges of The Tax Court of the United States, in their official capacities, et al., Appellees.**

Nos. 15008, 15011.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 28, 1959.

Decided Dec. 10, 1959.

---

Mr. Forrest M. Hemker, St. Louis, Mo., of the bar of the Supreme Court of Missouri, pro hac vice, by special leave of court, with whom Mr. Monroe Oppenheimer, Washington, D. C., was on the brief, for appellant. Mr. James H. Heller, Washington, D. C., also entered an appearance for appellant.

Miss Louise T. Foster, Attorney, Department of Justice, with whom Messrs. Howard A. Heffron, Acting Asst. Atty. Gen. at the time the brief was filed, Oliver Gasch, U. S. Atty., Lee A. Jackson and A. F. Prescott, Jr., Attorneys, Department of Justice, were on the brief, for appellees. Asst. Atty. Gen. Charles K. Rice also entered an appearance for appellees in No. 15008.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

In 1951 the Tax Court determined the tax liability of appellant, a Missouri corporation, for 1947 and 1948 on the basis of a stipulation between the corporation and the Commissioner of Internal Revenue. Payment was made accordingly. It was afterwards discovered that appellant's president had fraudulently concealed its financial condition from its stockholders and creditors, and that appellant had no taxable income for 1947 and 1948.

In 1955, after the fraud was discovered, appellant moved in the Tax Court to withdraw the stipulation and revise the court's decision. The Tax Court denied the motion on the ground of laches. In 1956, long after the time allowed for filing a petition for review had expired and the decision of the Tax Court had therefore become "final" under 26 U.S.C. (1952 ed.) §§ 1140(a), 1142, appellant asked the United States Court of Appeals for the Eighth Circuit for review. That court dismissed appellant's petition as untimely. Jefferson Loan Co. v. Commissioner of Internal Revenue, 8 Cir., 249 F.2d 364.

Appellant then filed, in the United States District Court for the District of Columbia, the present suit to set aside the stipulation and the Tax Court decision based upon it. Appellant contends the District Court had jurisdiction either under the Administrative Procedure Act, 5 U.S.C.A. § 1009(a), or on general equitable principles. The District Court rightly dismissed the complaint. Even if the Tax Court were to be considered an

"agency" within the meaning of the Administrative Procedure Act, the Act's review provisions would not apply, because "prior, adequate, and exclusive opportunity for such review is provided by law." 5 U.S.C.A. § 1009(b). With exceptions not relevant here, the Internal Revenue Code provides that "courts of appeals shall have exclusive jurisdiction to review the decisions of the Tax Court * * *." 26 U.S.C. § 1141(a). It seems obvious that the District Court has no jurisdiction, on general equitable principles or otherwise.

Affirmed.