333 F.2d 768
 Claudia WALKER, Appellant,
v.
INTERNAL REVENUE SERVICE, U. S. TREASURY DEPARTMENT, United States of America, Joseph M. Cullen, District Director, Internal Revenue Service, V. V. Harvey, Revenue Officer, John Doe Kennedy, Supervisor, Internal Revenue Service, Mortimer Caplin, Commissioner of Internal Revenue, Appellees.
 No. 19047.
 United States Court of Appeals Ninth Circuit.
 June 16, 1964.
 Rehearing Denied August 6, 1964.
 
 Claudia Walker, in pro. per.
 Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, George F. Lynch, Attys., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for appellees.
 Before HAMLEY and MERRILL, Circuit Judges, and KILKENNY, District Judge.
 HAMLEY, Circuit Judge.
 
 
 1
 Miss Claudia Walker, appearing throughout in propria persona, brought this action against the Internal Revenue Service and others, to enjoin the collection of deficiencies in federal income taxes determined and assessed against her for the calendar years 1953 through 1956. Defendants moved to dismiss the action on the grounds that the district court lacked jurisdiction over the subject matter and the complaint does not state a claim upon which relief can be granted.
 
 
 2
 After the complaint had been amended the motion to dismiss was heard and granted, the precise grounds therefor not being stated. A judgment dismissing the action with prejudice was thereupon entered. Plaintiff appeals.
 
 
 3
 The motion to dismiss for lack of jurisdiction was based on section 7421(a) of the Internal Revenue Code of 1954 (Code). This section provides that, except as provided in sections 6212(a) and (c) and 6213(a) of the Code, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.
 
 
 4
 Section 6212(a) provides that if the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by registered mail. Section 6212(c) is not pertinent in the case before us.
 
 
 5
 Section 6213(a), insofar as here material, provides that within ninety days after the notice of deficiency is mailed, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. It is further provided, with exceptions not here material, that no assessment of a deficiency in respect of any tax imposed by subtitles A or B and no levy or proceeding in court for its collection shall be made, begun or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, "* * * nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final." Section 6213(a) ends with this provision:
 
 
 6
 "Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."
 
 
 7
 Reading together sections 6212 (a), 6213(a) and 7421(a), it would appear that the only ground on which a district court would have jurisdiction to restrain the assessment or collection of a tax is where, with respect to a tax imposed by subtitles A and B, the Internal Revenue Service is attempting to make such assessment or collection without first having mailed a deficiency notice, or without waiting until the expiration of the ninety-day period after giving such notice during which the taxpayer may file a petition for a redetermination of the deficiency, or, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.
 
 
 8
 A notice of deficiency was mailed to Miss Walker on November 4, 1960. The ninety-day period within which Miss Walker could have filed a petition for redetermination of the deficiency expired on February 2, 1961. No petition having been filed within that period the Internal Revenue Service was entitled to proceed with assessment and collection proceedings on February 3, 1961. The taxes were not assessed until August 25, 1961. Thus none of the circumstances exist which, despite the prohibition of section 7421(a), would have conferred jurisdiction on the district court to enjoin the assessment and collection of the tax.
 
 
 9
 It is true that Miss Walker filed an untimely petition with the Tax Court for a redetermination of the deficiency, such petition being filed on February 7, 1961. But if the filing of an untimely petition gives effect to that provision of section 6213(a) which states that "* * * if a petition has been filed with the Tax Court * * *" no assessment or collection proceedings may be had "* * * until the decision of the Tax Court has become final. * * *" the result is nevertheless the same as indicated above.
 
 
 10
 The order of the Tax Court dismissing the petition for redetermination was entered on April 26, 1961. Miss Walker did not petition for a review of that order and therefore, under section 7481(1) and 7483 of the Code, the decision of the Tax Court became final upon the expiration of the time for seeking such review. That time expired on July 26, 1961, three months after the order was entered. See Lasky v. Commissioner, 9 Cir., 235 F.2d 97, 98, aff'd per curiam, 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598. As before stated, the taxes were not assessed until August 25, 1961.
 
 
 11
 However, apart from the provision of section 6213(a), which, as we have indicated, permits such injunction suits only under circumstances not here present, the rule is established that, under other extraordinary and exceptional circumstances such a suit may be maintained notwithstanding section 7421(a). Thus, in Miller v. Standard Nut Margarine Co., 284 U.S. 498, 510, 52 S.Ct. 260, 263, 76 L.Ed. 422, where it was sought to enjoin the collection of federal oleomargarine taxes, jurisdiction was held to exist because the court found that "[a] valid oleomargarine tax could by no legal possibility have been assessed against * * *" the manufacturer.[1]
 
 
 12
 In Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, the Supreme Court had occasion to restate the principle applied in the Miller case. An effort was there made to enjoin the collection of past due social security and unemployment taxes. They were assessed on the theory that certain fishermen were employees of the taxpayer-corporation which was engaged in the business of providing trawlers to fishermen. The district court found that the company was wholly without any right of control over the fishermen and that therefore no employer-employee relationship existed. The company maintained that if it were required to pay the entire assessment and then sue for a refund, it would be thrown into bankruptcy.
 
 
 13
 In holding that district court jurisdiction was lacking under these circumstances, the Supreme Court rule that section 7421(a), forbidding suits to enjoin the assessment or collection of taxes, may not be held to be inapplicable unless: (1) it is established that the legal remedy is inadequate, and (2) it is apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim.[2]
 
 
 14
 The deficiencies which led to the issuance of the deficiency notice here in question resulted from (1) the allowance of a personal exemption in the amount of $600 instead of the $1,200 claimed on each of the returns, (2) the disallowance of all or part of the deductions claimed for sales taxes, medical expenses, contributions, miscellaneous legal and administrative expenses, and (3) the imposition of twenty-five per cent penalties for failure to file timely returns.
 
 
 15
 All of Miss Walker's contentions with respect to these items could have been considered by the Tax Court, prior to any payment being made thereon, had she filed a timely petition for a redetermination of these deficiencies. Had she been dissatisfied with any ruling of the Tax Court thereon, she could have obtained a review in this court under section 7483 of the Code. Thus Miss Walker had an adequate legal remedy if she had pursued it within the time provided by law.
 
 
 16
 Although she did not take advantage of that legal remedy, Miss Walker had, and still has, another adequate legal remedy consisting of a civil action for a refund, brought pursuant to section 7422 of the Code. In such a proceeding she may advance all of the contentions stated in her petition for redetermination of deficiency and the additional contentions she has advanced on this appeal, including that of the statute of limitations.[3]
 
 
 17
 It is true that, in order to take advantage of that legal remedy Miss Walker must first pay the tax liabilities in question, plus accrued interest, which on September 26, 1963, totaled $998.06.[4] Miss Walker does not allege in her complaint that she is unable to make this payment as a prerequisite to bringing a refund suit.
 
 
 18
 It follows that the facts alleged in the complaint do not establish that Miss Walker's legal remedy was or is inadequate. Since there is thus a failure to meet the first of the two jurisdictional tests of the Enochs case, as set out above, we are not called upon to consider whether the second test is met, namely, that under the most favorable view of the law and the facts, the United States cannot establish its claim.
 
 
 19
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 See also Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448, where jurisdiction to enjoin the collection of a tax was upheld. It appeared in that case that public officers would have been subjected to criminal and civil penalties and there was no adequate remedy by way of a refund suit or otherwise
 
 
 [2]
 See, also, Martin v. Andrews, 9 Cir., 238 F.2d 552, 554, 556
 
 
 [3]
 Section 6401(a) of the Code provides:
 "(a) Assessment and collection after limitation period — The term `overpayment' includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto."
 
 
 [4]
 September 26, 1963 was the day when a revenue agent served a notice of levy upon an attorney who was holding funds due and owing Miss Walker. This suit was commenced on the next day