340 F.2d 472
 ENTERPRISES UNLIMITED, INC., a Nevada Corporation, and Josephine C. Zelasko, Appellants,
v.
Dalmon DAVIS, District Director of the Internal Revenue Service of the United States, for the District of Nevada, Appellee.
 No. 19324.
 United States Court of Appeals Ninth Circuit.
 January 7, 1965.
 
 Dermot R. Long, Los Angeles, Cal., for appellants.
 Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, George F. Lynch, William A. Friedlander, Dept. of Justice, Washington, D. C., John W. Bonner, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.
 Before ORR, HAMLEY and KOELSCH, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 Josephine C. Zelasko and her wholly-owned corporation, Enterprises Unlimited, Inc., seek to enjoin collection from them of federal income taxes assessed against John and Josephine Toscano for the years 1947, 1949, 1950 and 1953. Additionally, they seek an order cancelling tax liens imposed on their property in connection with these taxes, and recovery of $2,400 assertedly seized by the United States from the bank account of the corporation.
 
 
 2
 Upon motion of defendant Dalmon Davis, District Director of Internal Revenue, District of Nevada, the district court dismissed the action for lack of jurisdiction. Plaintiffs appeal.
 
 
 3
 Josephine Zelasko is the same individual who is referred to in the joint tax returns for the years in question as Josephine Toscano.[1] Notwithstanding these facts, however, plaintiffs assert that neither of them is liable for taxes assessed against John and Josephine Toscano. They also assert that neither of them has any of the property of John Toscano subject to seizure and sale for payment of those taxes.
 
 
 4
 The allegations relied upon as requiring these conclusions may be briefly summarized. Josephine Zelasko lived in a meretricious relationship with John Toscano for twenty-three years, including the tax years in question, but was never married to him, nor was she his common-law wife. None of the income reported on the joint returns of John and Josephine Toscano was the income of Josephine Zelasko, but was income earned by John Toscano in the operation of his restaurant-bar in Culver City, California. Her signatures upon the joint tax returns are either forgeries or were obtained by coercion. She has only a third grade education and cannot read or understand tax documents. She had no knowledge of the Tax Court proceedings in which a settlement for the years in question was reached and did not agree to, nor accept, such settlement.
 
 
 5
 Plaintiffs allege further that the Internal Revenue Service seeks to collect from Josephine Zelasko $38,411.35 plus interest, assessed against John and Josephine Toscano on the ground that she is in fact Josephine Toscano; that the Service seeks to collect this sum from the corporation on the ground that it is the alter ego of Josephine Zelasko; and that the property upon which tax liens have been imposed, either in the name of Josephine Zelasko or in the name of the corporation, is the separate property of Josephine Zelasko and acquired by her earnings and savings.
 
 
 6
 One of the grounds on which defendant moved to dismiss the action was that the injunctive relief sought is barred by section 7421(a) of the Internal Revenue Code of 1954 (Code), 26 U.S.C. § 7421(a) (1958). This statute provides that, with express exceptions not here relevant, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.
 
 
 7
 Josephine Zelasko argues that this statute is not applicable to her because she is not one of the taxpayers against whom the taxes were assessed and therefore has a right to prevent the taking of her property to satisfy the tax liability of others, namely John and Josephine Toscano.
 
 
 8
 If Josephine Zelasko has the status of a third party non-taxpayer, § 7421(a) would not bar injunctive relief. Shaw v. United States, 9 Cir., 331 F.2d 493, 496-497. Under the facts alleged, however, the taxes have been assessed against her on the ground that she is the individual named in the tax returns as Josephine Toscano. She does not deny this, but argues that the tax was not validly assessed against her under any name because she was never the wife of John Toscano and never earned any of the income reported in the joint returns.
 
 
 9
 Whatever the merits of this argument may be, it does not tend to show that she, under the name of Josephine Toscano, was not the person against whom the Internal Revenue Service intended to assess taxes. It tends only to show that the tax may have been illegally assessed against her under either name. The case therefore does not fall under the judicially-created non-taxpayer exception to § 7421(a). Under this exception the validity of the tax assessment is not in issue. See 9 Mertens, Law of Federal Income Taxation (Zimet Rev.) § 49.213.
 
 
 10
 Notwithstanding section 7421 (a), a taxpayer may enjoin the collection of a tax if, but only if, he can establish that (1) under the most liberal view of the law and facts the United States cannot establish its claim, and (2) the taxpayer has no adequate remedy at law. See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 6-8, 82 S.Ct. 1125, 8 L.Ed.2d 292; Walker v. Internal Revenue Service, 9 Cir., 333 F.2d 768, 771.
 
 
 11
 We cannot say, on the basis of the information available to the Government at the time of suit, that under the most liberal view of the law and facts, the United States cannot establish its claim against Josephine Zelasko. Moreover, a remedy is available in the form of a civil action for a refund, brought pursuant to section 7422 of the Code, 26 U.S. C. § 7422 (1958). See Walker v. Internal Revenue Service, supra, 333 F.2d at 771. Plaintiffs do not allege that this remedy is inadequate. It follows that the exception to section 7421(a), referred to in Enochs, is not applicable here.
 
 
 12
 As for relief other than an injunction, the ground on which it is sought involves, in effect, a review of a decision of the Tax Court. But such a review is available only in the Court of Appeals, the District Court having no jurisdiction in such matters. Section 7482(a) of the Code, 26 U.S.C. § 7482(a) (1958), Jefferson Loan Co., Inc. v. Arundell, 106 U.S.App.D.C. 370, 273 F.2d 105.
 
 
 13
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 During oral argument in the district court, counsel for plaintiffs stated: "If the Government, in any instance, can show me that Josephine Zelasko is Josephine Toscano I will stipulate to judgment right now. * * *" He also stated: "To my knowledge, there is no Josephine Toscano in existence." But the oral argument as a whole, and the allegations of the complaint, make it clear that the point counsel sought to make was that Josephine Zelasko was never married to John Toscano, and Josephine Toscano was never her legal name