Carl Vincent **MATTHEWS** and Mildred Arlene Matthews, Plaintiffs,

v.

**UNITED STATES TREASURY DEPARTMENT et al., Defendants.**

Civ. No. 73–334 AAH.

United States District Court, C. D. California.

June 25, 1973.

Carl Vincent Matthews and Mildred Arlene Matthews, in pro per.

William D. Keller, U. S. Atty., and Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Div., for defendants.

HAUK, District Judge.

On February 15, 1973, Carl and Mildred Matthews filed in this Court a "Class Action Complaint alleging that

Defendants have violated the constitutional rights of Plaintiffs and have acted against the Citizens of the United States as a Class." They alleged that the United States Treasury Department and the Internal Revenue Service [IRS] have caused or allowed the District Director in Ogden, Utah, "to fail to answer '1040' petitions filed with him by certain citizens." Instead of responding to these petitions, according to the Matthews', ". . . the District Director at Ogden, Utah, has turned the matter over to the Intelligence Division for criminal investigation."[1]

Who are these "certain citizens?" Not the Plaintiffs; rather, they are one Marcel Roch Methot and one Richard Mahlon Baker. They are the individuals who filed an eighty-page questionnaire with the IRS. Moreover, the Plaintiffs allege in their second cause of action that early in 1972, the Service "illegally seized the bank account of Marcel Roch Methot from the Bank of America in Fullerton, California, and has otherwise harassed him by attempting to subpoena books and records from his accountant with an illegal Internal Revenue Service subpoena."[2] Finally, they claim that "approximately a year ago Internal Revenue Service attempted illegal search and seizure of books and records of Blanche Allen at her beauty shop in Long Beach, California."[3]

The only way in which the Matthews' attempt to link themselves with the legal "carnage" they recite is by warning that unless this Court prevents further acts like these, the IRS will try to "harrass Plaintiffs and [other] Citizens" in the same manner.

What we have been asked to do, then, is grant declaratory relief to the Plaintiffs, insuring that never will they have to endure the treatment that has befallen their friends.[4] This request cannot be granted.

## PLAINTIFFS LACK STANDING TO MAINTAIN THIS ACTION

The glaring, and fatal, flaw in the Matthews' lawsuit is the fact that they have not been damaged or injured in any way, nor is there any danger that they will be. To be sure they have made a hearty attempt to convince the Court that all America suffers when one man is mistreated and that they may sue because ". . . it is common knowledge that millions are fed up with the arbitrary activities of the Internal Revenue Service . . ."[5]

1. Complaint, page 2.

2. *Id.*, at 3.

3. *Id.*, at 4.

4. Plaintiffs have prayed specifically for the following relief: "1) that the questions raised in the petition of Marcel Roch Methot and Richard Mahlon Baker regarding 1040 be answered completely and correctly, so that Plaintiffs and Citizens may realize their duties under the Constitution and protect their rights guaranteed by the Constitution, and therefore act with regard to the filing of their own 1040 forms; 2) that Defendants be ordered to refrain from their illegal actions involved in the search and seizure of personal accounts, records or books of Marcel Roch Methot and Blanche Allen and all other citizens whose rights by these actions would be infringed, including those of Plaintiffs;

3) That Internal Revenue Service be required to use legal subpoena procedures; 4) That Plaintiffs and Citizens be left alone in their liberty and pursuit of happiness, and that the Defendants will not attempt to violate constitutional rights under the First, Fourth and Fifth Amendments." Complaint, page 5.

5. Plaintiffs go on to say that they have standing to sue because "[e]very time any citizen receives a blow from the government, undermining his constitutional rights, it affects every other citizen, and defendants ought to know that as it is as fundamental as law itself. The arguments presented and the cases quoted by defendants smack with the ring of King George's replies to the petitioners and pleas of our founding fathers prior to 1776. Defendants would be well advised to study the events preceding the signing of Magna Carta and the Colonial Declara-

■ Noble as this prose may be, it is not the law. A party aggrieved by an allegedly illegal governmental action has standing to challenge that action only if he is able to show that the challenged action has caused him injury in fact. Data Processing Service v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Mottola v. Nixon, 464 F.2d 178 (9th Cir. 1972); Lamm v. Volpe, 449 F.2d 1202 (10th Cir. 1971). Injury in fact cannot be construed to include a person's unfocused and unjustified fear of eventual mistreatment. Nowhere in their complaint do Mr. and Mrs. Matthews allege that any of the actions complained of were directed at them or that they have suffered or are likely to suffer these alleged acts. All we have is speculation by the Plaintiffs, accompanied by wild charges of "tyranny." [6]

In fact the very individuals whose misfortune triggered this lawsuit, Messrs. Methot and Baker, have filed their own suit in this District, Methot v. United States Treasury Department, No. 73–162–IH (C.D.Calif.1973). This only underscores the woefully inadequate connection between the Matthews' and any so-called wrongdoing by the Internal Revenue Service.

The Ninth Circuit's language in Mottola v. Nixon, *supra*, 464 F.2d at 181, is quite pertinent here:

". . . appellees have failed to allege a personal stake and interest sufficient to avoid the prohibition against employing 'a federal court as a forum in which to air [their] generalized grievances about the conduct of government . . .' Flast v. Cohen, 392 U.S. 83, 106, 88 S.Ct. 1942, 1956, 20 L.Ed.2d 947 (1968). Furthermore, because of the contingent and specula-

tive nature of the injury, the district court was presented with no more than a hypothetical case, Crossen v. Breckenridge, 446 F.2d 833, 839 (6th Cir. 1971), and thus lacked jurisdiction of the action under Article III, Section 2 of the Constitution."

The "standing" deficiency extends to all other members of the purported class, that is, every other citizen of the United States. The controlling decision is Lamm v. Volpe, *supra*, where the Court said, 449 F.2d at 1204:

"Lamm filed this action individually as a citizen and taxpayer of Colorado and of the United States, as an elected representative of the House of Representatives, and on behalf of those similarly situated. He has no standing individually as a citizen. He cites no case in which the United States Supreme Court has entertained an action brought to vindicate the public interest by a citizen having no legal interest of his own. He presents no authority to bring a class action."

This lawsuit here before us is nothing but a futile try for a class action by people concerned that they someday may be victimized.

### THE ACTION IS BARRED BY SOVEREIGN IMMUNITY

■■ Mr. and Mrs. Matthews have brought suit against the United States, notwithstanding the fact that the named defendants are the Treasury Department, the Internal Revenue Service, and a district director of the IRS. Louisiana v. McAdoo, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506 (1914); Hawaii v. Gordon, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); Mitchell v. Riddell, 402 F.2d 842, 846 (9th Cir. 1968). Be-

tion of the Need to Bear Arms." Plaintiffs' MOTION REFUTING DEFENDANTS' MOTION TO DISMISS, etc., pages 5–6.

6. *Id.*, at 5: "It has been, and is our God-given right to join together to repudiate

tyranny wherever we may root it out. By no proper law may we be required to sit by while our countrymen are laid low by kings law, any rules of civil procedure notwithstanding." This hardly is enough to confer standing on an individual.

cause of this we have no jursdiction over the subject matter unless a specific statute waives the sovereign immunity of the United States.[7] Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940); *See, for example,* 28 U.S.C. § 2410, waiving sovereign immunity in actions affecting property on which the United States has lien. In an action such as this, seeking injunctive relief against the federal tax structure and declaratory relief relating to IRS activities, no statute waives the sovereign immunity of the United States. In fact, there are specific statutes proscribing suits like this one. and we turn now to them.

## ANY CLAIM FOR DECLARATORY RELIEF IS BARRED BY 28 U.S.C. SECTION 2201

Earlier we mentioned that the type of relief the Plaintiffs request is declaratory in nature and must be denied. This is especially true because they have failed to show any action has been taken against them that would constitute an "actual controversy" within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.[8] Mitchell v. Riddell, *supra.*

But what is absolutely fatal to this action is the plain wording of the Declaratory Judgment Act. It states that any court of the United States may "declare the rights and other legal relations of any interested party seeking such declaration" *"except with respect to Federal taxes."* [Emphasis supplied] Mayer v. Wright, 251 F.2d 178 (9th Cir. 1958); Mitchell v. Riddell, *supra*; Jolles Foundation v. Moysey, 250 F.2d 166, 169 (2d Cir. 1957). These cases and the statute are obvious and clear: Mr. and Mrs. Matthews are entitled to no declaratory relief.

## THERE IS A STATUTORY BAR TO TAX INJUNCTION SUITS

From the pleadings it appears that Mr. and Mrs. Matthews would like to enjoin, in all future federal tax cases, the Internal Revenue Service's power to levy (26 U.S.C. § 6331) and its power to make investigation by using summonses (26 U.S. C. § 7602).

Section 7421(a) of the Internal Revenue Code of 1954 provides in relevant part, with exceptions inapplicable here, that

".  .  .  no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

This language not only prevents the Matthews' from suing on their own behalf, it blocks them from maintaining their action for the benefit of Messrs. Methot and Baker. Section 7421(a) was enacted to permit the United States to

---

7. Plaintiffs declaim that "The founding fathers repudiated 'sovereign immunity' at Concord and by God's grace it shall not raise its head here." *Id.,* Unfortunately for them the concept never has been eliminated; it has only been controlled. Definite procedures exist for skirting the problem, procedures with which the Matthews' evidently are unfamiliar.

8. 28 U.S.C. Section 2201:
 § 2201. Creation of remedy
  In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes,* any court of the United

States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. June 25, 1948, c. 646, 62 Stat. 964; May 24, 1949, c. 139, § 111, 63 Stat. 105; Aug. 28, 1954, c. 1033, 68 Stat. 890; July 7, 1958, Pub.L. 85–508, § 12(p), 72 Stat. 349.

[Emphasis added]

lay and collect taxes with a minimum of interference. Dissatisfied citizens were given a definite method for obtaining judicial review, namely, suits for refunds in the Federal District Courts and suits for redetermination of deficiencies in income, gifts or estate taxes in the Tax Court. Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); Enterprises Unlimited Inc. v. Davis, 340 F.2d 472 (9th Cir. 1965). And "it is no longer open to question that a suit may not be brought to enjoin the assessment or collection of a tax because of the alleged unconstitutionality of the statute imposing it." Dodge v. Osborn, 240 U.S. 118, 121, 36 S.Ct. 275, 276, 60 L.Ed. 557 (1916) and cases cited therein. Also see Collins v. Daly, 437 F.2d 736 (7th Cir. 1971).[9]

## THE COURT LACKS JURISDICTION OVER THE PERSON OF THE DISTRICT DIRECTOR OF INTERNAL REVENUE, IN OGDEN, UTAH

The territorial limits of effective service of process of this Court are the territorial limits of the State of California. F.R.Civ.P. Rule 4(f). We cannot acquire jurisdiction over the District Director in Utah unless he is served in California. United States v. Rippetoe, 178 F.2d 735, 738 (4th Cir. 1949); Alger v. Hayes, 452 F.2d 841, 842 (8th Cir. 1972).

## CONCLUSION

Based on these reasons, we have no alternative but to grant the Defendants' motion to dismiss with prejudice. According to Rule 12, F.R.Civ.P., a motion to dismiss may be treated as a motion for summary judgment; accordingly, we necessarily find that there is no genuine issue as to any material fact and the Defendants are "entitled to judgment as a matter of law" Rule 56 F.R. Civ.P. The foregoing shall also constitute findings of fact and conclusions of law, in accordance with Rule 52 F.R.Civ. P., in addition to the formal findings of fact and conclusions of law signed hereto this date.

Let judgment be entered accordingly.

9. We note parenthetically that the plaintiffs' claims of constitutional violations are spurious. First of all the power to levy has long been held constitutional, Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931), along with the use of administrative summonses, Reisman v. Caplin 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); Howfield, Inc. v. United States, 409 F.2d 694, 697 (9th Cir. 1969). And second, Carl and Mildred Matthews have failed to show any irreparable harm. Absent that, equity jurisdiction cannot and should not attach. Enochs v. Williams Packing Company, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); Enterprises Unlimited, Inc. v. Davis, 340 F. 2d 472 (9th Cir. 1965).